IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| OMAR RASHAD HOOKS, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
|   v. | : | |
| | : | |
| JOHN E. WETZEL, et al. | : | |
|     Respondents. | : | NO.  13-3635 |

### REPORT AND RECOMMENDATION

LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE

      Pending before this court is a petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 by a petitioner currently incarcerated at State Correctional Institution-Camp Hill in Camp Hill, Pennsylvania.  For the following reasons, it is recommended that the petition be DISMISSED without prejudice.

I.    PROCEDURAL HISTORY

      At the age of sixteen, petitioner was arrested and charged with first-degree murder.  After a jury trial, on December 8, 2011, petitioner was convicted of first-degree murder, possession of instruments of crime, and firearms not to be carried without a license.  On January 31, 2012, the trial court sentenced petitioner to life in prison without the possibility of parole for the offense of first degree murder.  See Resp. to Habeas Pet. 11/7/13, App. 1 (Commonwealth v. Omar Rashad Hooks, 1966 EDA 2012, at *13 (4/23/13 C.P.)).  On June 19, 2012, petitioner filed a timely notice of appeal to the Pennsylvania Superior Court.  See Resp. to Habeas Pet. 11/7/13, App. 1 (Pa. Super. Ct. Docket, 1966 EDA 2012).  On appeal, petitioner alleged his sentence violated the *Eighth Amendment* as announced by the Supreme Court of the United States in

1

Miller v. Alabama, 132 S. Ct. 2455 (2012).[1] See Resp. to Habeas Pet. 11/7/13, App. 1 (Brief for Appellant at 24). The trial court recommended that the Superior Court remand the case for resentencing in accordance with Miller. See Resp. to Habeas Pet. 11/7/13, App. 1 (Commonwealth v. Omar Rashad Hooks, 1966 EDA 2012, at *13 (4/23/13 C.P.)). On November 12, 2013, the Superior Court affirmed the convictions and remanded the case for resentencing. See Resp't Am. Doc. No. 7 (Commonwealth v. Omar Rashad Hooks, 1966 EDA 2012 at *12 (Pa. Super. Nov. 12, 2013). As of the date of this report and recommendation, petitioner is still awaiting resentencing.

   Petitioner's direct appeal is pending the resolution of the order for resentencing and petitioner has not sought state collateral review. See § 2254 Habeas Pet. at 9. However, petitioner filed the instant *pro se* petition for writ of habeas corpus on June 19, 2013.[2] Petitioner raises one claim, alleging his sentence violates the *Eighth Amendment's* prohibition on cruel and unusual punishment. See § 2254 Habeas Pet. at 8.

   After review of the state court records, this court finds that petitioner's petition is premature and should be dismissed without prejudice.

---

[1] On June 25, 2012, the Supreme Court of the United States held that sentencing schemes that mandate life without parole for those under the age of eighteen at the time of the offense violate the *Eighth Amendment's* prohibition on "cruel and unusual punishment." Miller v. Alabama, 132 S. Ct. 2455, 2461 (2012). The Supreme Court's holding in Miller does not categorically bar sentencing minors to life imprisonment. Id. at 2471. Rather, Miller requires the trial court to follow a certain process of considering the defendant's youth and attendant characteristics before imposing a life sentence without parole and prohibits a mandatory sentencing scheme that does not take into account such factors. Id. at 2471. As a result of Miller, the Pennsylvania legislature has amended state sentencing laws; however, the amendments only apply to individuals convicted after June 24, 2012. See 18 Pa. C.S.A. § 1102.1(c)(1) (2013).

[2] Although the habeas petition was not docketed by this court until June 24, 2013 the "mailbox rule" applies. Under the "mailbox rule," a *pro se* prisoner's habeas petition is considered filed on the date the prisoner delivers the complaint to prison authorities for filing. See Houston v. Lack, 487 U.S. 266, 276 (1988). Here, petitioner signed his petition on June 19, 2013 so we will presume that he also delivered it to authorities for filing on that date.

2

II.     EXHAUSTION

Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842, 119 S. Ct. 1728, 1731 (1999). A petitioner is not deemed to have exhausted the remedies available to him if he has a right under the state law to raise by any available procedure the question presented. 28 U.S.C. § 2254(c) (1994); Castille v. Peoples, 489 U.S. 346, 350, 109 S. Ct. 1056, 1059, reh'g denied, 490 U.S. 1076, 109 S. Ct. 2091 (1989). In other words, a petitioner must invoke "one complete round of the state's established appellate review process," in order to exhaust his remedies. O'Sullivan, 526 U.S. at 845. A habeas petitioner retains the burden of showing that all of the claims alleged have been "fairly presented" to the state courts, which demands in turn that the claims brought in federal court be the "substantial equivalent" of those presented to the state courts. Santana v. Fenton, 685 F.2d 71, 73-74 (3d Cir. 1982), cert. denied, 459 U.S. 1115, 103 S. Ct. 750 (1983).

In the case at bar, petitioner's judgment of sentence has not become final as petitioner is awaiting resentencing based on Miller. The United States Supreme Court has addressed the issue of finality when a conviction is upheld, but the sentence is reversed. Burton v. Stewart, 549 U.S. 147, 156-57 (2007) (per curiam). The Court found that because "final judgment" in a criminal case means sentence, the sentence is the judgment. Id. (*citing* Berman v. United States, 302 U.S. 211, 212 (1937)). Therefore, for purposes of the AEDPA, the one-year statute of limitations begins running when both the conviction and sentence are final by the conclusion of direct review or the expiration for seeking such review. Id. Here, petitioner's convictions were upheld by the Pennsylvania Superior Court on appeal, but because the court remanded for resentencing and that resentencing has not yet occurred, petitioner's sentence is not

final.  Petitioner's claim will not be exhausted until petitioner invokes one complete round of appellate review at the state level.  See O'Sullivan, 526 U.S. at 845; Castille, 489 U.S. at 350.  This court will not grant habeas review or relief until petitioner has completed appellate review at the state level.  See O'Sullivan, 526 U.S. at 842.  As such, the instant habeas petition is premature.

III.    STAY AND ABEYANCE

Respondents argue that petitioner is not entitled to a stay because there is not a risk that a subsequent petition would be time-barred.  See Resp. to Habeas Pet. 11/7/13 at 4.  Petitioner has not requested a stay; however, based on the petition, it appears petitioner is concerned about timeliness.  See § 2254 Habeas Pet. at 9 (stating "petitioner is still on direct appeal and it was critical to get the filing done before the one year deadline on June 24, 3013).

The stay and abeyance procedure holds a federal habeas petition pending exhaustion of state remedies by the petitioner.  Rhines v. Weber, 544 U.S. 269 (2005).  While granting a stay and abeyance is an available procedure, it is not a preferred course of action.  Id.  Because a "stay and abeyance" procedure, if used too frequently, can undermine the policies favoring prompt and orderly resolution of state habeas petitions, the Supreme Court held that "stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  Rhines, 544 U.S. at 277.  However, the Supreme Court also did not limit the authority to grant a stay to specific scenarios; rather, the district court must determine whether the petitioner "satisfied the three requirements for a stay as laid out in Rhines: good cause, potentially meritorious claims, and a lack of intentionally dilatory litigation tactics."  Heleva v. Brooks, 581 F.3d 187, 192 (3d Cir. 2009).

A strict one-year time limitation on the filing of new petitions is set forth in the

federal habeas statute.  A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute.  Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

Petitioner's concern for timeliness is based on section 2244(d)(1)(C) because the Supreme Court decided Miller on June 23, 2012.  See § 2254 Habeas Pet. at 9.  A petitioner who relies on subsection (C) to be timely was required to file within one year of the Miller decision.  However, the provision that governs the instant habeas petition is subsection (A) because petitioner's judgment of sentence has not yet become final as direct review is still pending, and therefore, that will be the "latest" date to start the one-year statute of limitations.  See 28 U.S.C. § 2244(d)(1).

This case does not present the same risk of untimeliness as other habeas petitions brought under Miller because the clock has not started running.  Furthermore, petitioner is being resentenced, which will presumably resolve the question of sentencing under Miller.  Both the trial court and the Commonwealth conceded that petitioner's sentence was illegal under Miller

5

and agreed to the resentencing.  See Resp't Am. Doc. No. 7 (Commonwealth v. Omar Rashad Hooks, 1966 EDA 2012 at *12 (Pa. Super. Nov. 12, 2013).  As such, we find that a stay is not the appropriate course of action in this instant case and we recommend that this claim be dismissed without prejudice and petitioner may raise the claim if necessary after direct review.

Therefore, we make the following:

## RECOMMENDATION

AND NOW, this **27th** day of January, 2014, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus be DISMISSED without prejudice.  Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:


_S/ LINDA K. CARACAPPA_____
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE